**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2018[*]
Decided October 24, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-1650

| | |
|---|---|
| CAMERON MAYFIELD, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:15-cv-00409-WTL-MJD |
| IAIN MCCOY, *Defendant-Appellee.* | William T. Lawrence, *Judge.* |

**O R D E R**

Cameron Mayfield, an Indiana state prisoner, argues that Officer Iain McCoy was deliberately indifferent in failing to protect him from an attack by another inmate. The district court granted McCoy's motion for summary judgment because Mayfield did not demonstrate that the officer knew of a substantial risk of serious harm. We affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

The attack occurred after another inmate gained improper access to an open dormitory at the Putnamville Correctional Facility where Mayfield was housed. Normally, if an officer does not recognize an inmate, he checks that inmate's identification badge against a "bed board list" before allowing reentry into the dorm. But as inmates were returning from breakfast one morning, McCoy failed to do this. As a result, Branden French—an inmate not assigned to Mayfield's dormitory—was able to enter.

Shortly thereafter, French physically attacked Mayfield. At the time of the attack, McCoy was on the opposite side of the dormitory. He did not learn of the attack until the next day, he says in his affidavit.

Mayfield sued McCoy under the Eighth Amendment for being deliberately indifferent to the risk that an attack would occur. Mayfield also asserted a state-law negligence claim arising out of McCoy's failure to prevent the attack.[1]

The district court entered summary judgment in favor of McCoy. With regard to the deliberate-indifference claim, the court explained that Mayfield undisputedly faced a serious risk of harm, but had not produced sufficient evidence for a jury to conclude that McCoy subjectively knew about the risk and did not take reasonable measures to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 846–47 (1994); *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). The court rejected Mayfield's argument that McCoy's failure to check French's identification badge created a material dispute as to whether McCoy was aware of an "obvious, substantial risk to inmate safety," *see Farmer*, 511 U.S. at 843. According to the court, no evidence contradicted McCoy's assertion that his failure was inadvertent, and inadvertence does not justify the imposition of liability. *See Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). The court also concluded that the Indiana Tort Claims Act barred Mayfield's state-law negligence claim because McCoy was acting within the scope of his employment. *See* IND. CODE § 34–13–3–5(b).

On appeal, Mayfield rehashes his deliberate-indifference claim but fails to point to any evidence that McCoy knew of a substantial risk of harm. *See Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). Mayfield has not, for example, asserted that McCoy knew French to "have certain violent propensities." *See Brown v. Budz*,

---

[1] The district judge recruited counsel to represent Mayfield, *see* 28 U.S.C. § 1915(e)(1), and we commend him in so doing.

398 F.3d 904, 915 (7th Cir. 2005). Nor does Mayfield say that he ever informed McCoy, or any other prison official, of any threat to his safety. *See Grieveson*, 538 F.3d at 776 (subjective prong of deliberate indifference not met when detainee "never informed the jail officers of a specific threat to his life").

Mayfield argues that we can infer knowledge of a substantial risk because it is "obvious" that failing to check inmates' identification badges "could permit prisoners that would otherwise be segregated for safety reasons to harm others." But such speculation "falls below the required notice an officer must have for liability to attach for deliberate indifference." *Klebanowski v. Sheahan*, 540 F.3d 633, 640 (7th Cir. 2008). A general risk of violence in prison does not by itself establish that a defendant actually knew about a serious risk of harm. *See Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011); *Dale*, 548 F.3d at 569. McCoy cannot be held liable simply because he knew of a "mere possibility" violence would occur; he had to have been alerted to the fact there was a "strong likelihood" of harm. *See Pinkston*, 440 F.3d at 889. Moreover, no evidence shows that McCoy's actions were more than negligent, and negligence is insufficient to establish deliberate indifference. *See Dale*, 548 F.3d at 571.

AFFIRMED